# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 28, 1911.

SUSAN E. PLACIDE
VS.
EDWIN M. WILMER.

SUSAN E. PLACIDE
VS.
EDWIN M. WILMER ET AL.

(Consolidated Cases.)

*Charles F. Stein* and *John L. Sanford* for Susan E. Placide.
*David Ash* for Edwin M. Wilmer.

HEUISLER, J.—

These causes coming on to be heard under the 35th Equity Rule, the bills and answers were read, testimony taken, and the arguments of the respective counsel were made and considered.

On November 10, 1910, Susan E. Placide filed a bill in this court against Edwin M. Wilmer, her brother-in-law, for an accounting and to restrain his foreclosure of a mortgage on No. 1300

Madison avenue, Baltimore City, which property she claimed to own under the deed hereinafter named.

On December 8, 1910, before answering, Wilmer recorded a deed of the mortgaged property, dated July 28, 1887, in which, for a consideration of $9,000 not paid, Miss Placide conveyed that property to Alice P. Wilmer, her sister, and Mr. Wilmer's wife, which property Miss Placide had bought about six weeks before from the trustees of her mother's estate for the sum of $9,000 then paid by her to them. Wilmer then answered the bill, claiming the mortgage was overdue and unpaid; that he had always given proper accounts to Miss Placide, and that she had no title to the mortgaged property. Thereupon Miss Placide filed in this court her bill against Wilmer, his two sons and the husband of a deceased daughter, asking that the deed of July 28, 1887, be stricken down as not her deed. Wilmer answered this bill, and claimed the deed to be bona fide. The other defendants answered, consenting that the deed be vacated. At the hearing, on the motion of Miss Placide's solicitors, the two cases were consolidated and a great mass of testimony taken, from which the court finds the following facts, each of which finding of fact is based upon undisputed oral or written evidence offered, Miss Placide's testimony not being considered unless when admitted to be true, or corroborated by other and undisputed evidence:

1. On June 16, 1887, by deed, recorded among the Land Records of this city in Liber J. B. 1159, folio 293, from George W. Lindsay and the said Edwin M. Wilmer, trustees of her mother's estate, Susan E. Placide acquired the mortgaged property now known as 1300 Madison avenue. (Plaintiff's Exhibit A.)

2. On July 28, 1887, only six weeks after the execution of the above-named deed, she signed a deed of the same property purporting to convey it to her sister, Mrs. Alice Placide Wilmer, which deed is in the handwriting of Edwin M. Wilmer, named a consideration of $9,000, no part of which was ever paid or demanded, which deed was given into Mr. Wilmer's possession at or about the time it was signed, remained in his possession and custody until it was recorded on December 8, 1910, more than twenty-three years after its date and about twenty years after the death of the grantee. (Defendants' Exhibit No. 3.)

3. That by reason of the close relationship between Miss Placide and her brother-in-law, Mr. Wilmer, and on account of her great confidence in his integrity and business ability, she trusted him implicitly, and gave him full and entire charge of the management of her property, and the collecting of the income therefrom.

4. That by reason of such confidence Miss Placide was in the habit of signing, without questioning or inquiring into their contents, any papers or writings which Mr. Wilmer, her brother-in-law, presented to her for signature.

5. On July 28, 1887, by reason of such confidence, and without knowing its contents, and without making any inquiry about them, and without intending to convey to her sister the property therein named, she signed the deed hereinbefore referred to as Defendants' Exhibit No. 3.

6. On October 30, 1890, this court in the case of George W. Lindsay and the said Edwin M. Wilmer, trustees, against Alice P. Wilmer et al. (Docket 1887 A, 130), passed a decree requiring the said Alice P. Wilmer, trustee of Jennings Placide, to make good an improper investment of her trust funds of $4,000 by requiring said sum to be invested within five days in a mortgage on real property in this city to be approved by this court, which decree has been filed as an exhibit in these causes.

7. On November 3, 1890, to assist Mrs. Wilmer to make good such improper investment of trust funds and to comply with said order of court, Miss Placide mortgaged to Alice P. Wilmer, as trustee for Jennings Placide, the Madison avenue property to secure the repayment of $4,000.

8. That Miss Placide was not in any way responsible for said improper investment, or for any part thereof, and received no benefit therefrom; that from the date of the execution of said mortgage until November 4, 1910, she never paid, or was never asked to pay, any interest on that mortgage, and in the testimony of Mr. Wilmer, given at the hearing, he testified as follows: "It was not intended that either the mortgage, or the debt thereby intended

150

to be secured, should impose any liability on Miss Placide," and which mortgage, after being reduced by a payment of $3,959.89, was assigned to Edward M. Wilmer, who now holds it, and whose attempted foreclosure is restrained by these proceedings, and is filed in these causes as Plaintiff's Exhibit B.

9. That after July 28, 1887, the date of said unrecorded deed to his wife, and while such deed was in his possession and custody, Edwin M. Wilmer made the following written admissions of Miss Placide's absolute ownership of the property described in that deed:

(a) On November, 1890, he wrote a petition to which his wife swore, as trustee, and in which she prayed this court to allow her to invest in a mortgage on the property in that deed the sum of $4,000, which investment she was required to make by the order of October 30, 1890, and the order authorizing the making of the said investment, and the execution of such mortgage, is also in the handwriting of the said Edwin M. Wilmer, and which petition and order is filed as an exhibit in these causes.

(b) On February 24, 1891, he applied to the Merchants' National Bank of Baltimore for a loan of $7,800 on the four months paper of his wife, to be endorsed by himself and Miss Placide, submitting to the bank a detailed schedule of the property owned by his wife and Miss Placide, which application and schedules therein named are in his own handwriting, and were made according to his testimony, with the assent of his wife and Miss Placide, and in which statement he represented Miss Placide to be the owner of No. 1300 Madison avenue (Plaintiff's Exhibit E): on December 7, 1900, he gave that bank a book containing statements entirely in his own handwriting of his individual property, the property of his wife and the property of Miss Susan E. Placide, which contains the statement that Miss Placide owns No. 1300 Madison avenue, in fee, subject to a mortgage of $3,959.89, balance held by E. M. Wilmer (Plaintiff's Exhibit F); and on March 30, 1904, he gave that bank another book marked "Schedule of Property, Assets and Interest in Estates of Susan E. Placide and Edwin M. Wilmer, respectively submitted by E. M. Wilmer," in which property

schedule 1300 Madison avenue is listed as being the property of Susan E. Placide, subject to the above mortgage, each of which statements are entirely in the handwriting of Mr. Wilmer, make no claim of ownership of the Madison Avenue property by the estate of his wife. and upon the faith of which statements the bank made loans to Mr. Wilmer (Plaintiff's Exhibit G).

(c) On July 17, 1896, he prepared in his own handwriting a schedule to be signed and sworn to by Miss Placide, and to be then returned to the Tax Department of this city, in which Miss Placide swore she owned No. 1300 Madison avenue, in fee, and which schedule was returned to the said department for the purpose of taxation (Plaintiff's Exhibit I).

(d) In 1897, after the death of Jennings Placide, Mr. Wilmer prepared for Susan E. Placide the draft of a will in which she devised 1300 Madison avenue to the estate of Alice P. Wilmer, notwithstanding that he then had in his possession the unrecorded deed of the property in which his wife was the grantee (Plaintiff's Exhibit J).

(e) In July, 1907, he prepared the draft of an intended application for a permit to make minor repairs to No. 1300 Madison avenue, the blanks of which were filled up in his, Wilmer's, handwriting, and to which he signed the name of Susan E. Placide as owner of that property (Plaintiff's Exhibit O).

(f) On November 4, 1910, he wrote to Miss Placide a letter demanding that she procure from some new lender a mortgage on the Madison avenue property for a sum sufficient to pay off the four thousand dollar mortgage debt and an accumulation of more than twelve years' interest, no part of which had ever theretofore been demanded or paid; he also stated in that letter that when he had gotten all matters settled he would remove from that property which he had occupied ever since his marriage to his wife, Alice P. Wilmer, a period of about thirty years (Plaintiff's Exhibit L).

10. Although Miss Placide had made repeated claims to own the Madison avenue property since the execution of the above named deed of July 28, 1887, and although those claims were made while that deed was in his possession, yet, Mr. Wilmer did not record the deed

until after the filing of the bill against him for an accounting and for the restraining of the foreclosure of the $4,000 mortgage.

11. That Alice P. Wilmer, wife of the said Edwin M. Wilmer, died intestate on or about the 29th day of June, 1891, leaving a husband, the said Edwin M. Wilmer, and three children, two boys and a girl, all of whom were then of tender years, and who were then taken in charge by Miss Placide, who cared for and looked after them until the maturity of each; that shortly after August 12, 1897, Miss Placide and Mr. Wilmer entered into a contract under the terms of which she allowed him, his children, his mother and his sisters to live in No. 1300 Madison avenue, in return for which he agreed to keep that house in repair, to pay the taxes and water rents thereon, and to give Miss Placide her board and lodging without charge, which arrangement continued until shortly before the filing of these consolidated cases.

12. That Mr. Wilmer did not carry out all of his parts of that agreement. He did not pay the taxes on that property for the years 1907, 1908, 1909, 1910 and 1911; he did not keep it in repair, and he wrongfully kept as board money belonging to Miss Placide which came into his hands as her agent and confidential adviser.

13. That he received from Miss Placide two sums amounting to $1,689.03 as her distributive share of the estate of the said Jennings Placide, deceased.

14. That the books in evidence in this case, called Plaintiff's Exhibits C 1 to C 9, inclusive, show that of the sums which Mr. Wilmer collected for Miss Placide, by virtue of the confidential relation hereinbefore referred to, he retained the sum of $2,435.73 on account of board, which, under the contract hereinbefore referred to, she did not owe and which he must return to her from the date of the receipt of the separate items making up the total, and that by reason of said wrongful charge for board, such books show that she owes him $111.99, leaving a net amount due to her by him of $2,323.74; that Miss Placide never saw the above mentioned nine books until November 4, 1910; that the said Edwin M. Wilmer has not properly accounted to Miss Placide for the moneys which he collected as such agent and confidential adviser.

15. That he collected and did not fully account for to her one-half of the net rent of No. 1001 East Pratt street, and her one-half of the yearly ground rent of $150, issuing out of No. 1901 McCulloh street.

16. That the sum of thirty-seven hundred dollars, claimed by Miss Placide as having been spent by her for clothing for Mr. Wilmer's children, has not been satisfactorily proven.

17. That Mr. Wilmer has refused to remove from that part of No. 1300 Madison avenue, which he, his sisters and his nieces are occupying, although demand for his removal was made before the institution of this suit.

Whereupon, it is adjudged, ordered and decreed, this 27th day of October, 1911, by the Circuit Court of Baltimore City, that the deed filed in these proceedings, dated July 28, 1887, and recorded among the Land Records of Baltimore City, in Liber S. C. L. No. 2625, folio 325, from Susan E. Placide to Alice Placide Wilmer is not the deed of the said Susan E. Placide, wherefore it is hereby vacated, annulled and set aside, and the property therein named be and is hereby declared to be the property of the said Susan E. Placide; that the said Edwin M. Wilmer, his sisters and his nieces, be and they are hereby directed to remove therefrom within fifteen days from the date of this order, and not to injure, molest or interfere with the ownership or possession of said property of the said Susan E. Placide.

It is further adjudged, ordered and decreed, that the papers in these cases be and they are hereby referred to Isaac McCurley, Esq., one of the standing auditors of this court, to state an account therein between the said Susan E. Placide and the said Edwin M. Wilmer, in which there shall be the following, and no other, charges and allowances:

The said Susan E. Placide shall be charged with said mortgage debt, to wit:

The sum of $3,959.89, cost of recording, $4.25, making a total of $3,964.14, and she shall not be charged with any interest thereon.

She shall be credited with the two sums arising from the estate of Jennings Placide, deceased, amounting to $1,689.03, with interest of each sum

from the date of its receipt by Edwin M. Wilmer.

The auditor shall credit Miss Placide with the sum shown by said books to have been charged against her as board, and shall deduct therefrom any overpayment made by Edwin M. Wilmer if said board had been a proper charge, and in making such credits and debits the auditor shall be confined to the entries in said books.

She shall be credited in such account with interest on each sum so improperly retained by Edwin M. Wilmer as board.

She shall be credited with whatever sums the said Wilmer has received as one-half of the rent on No. 1001 E. Pratt street, less all proper allowances to Wilmer for taxes, water rent and repairs, for which proper vouchers shall be produced, and one-half of the rent of $150 issuing out of No. 1901 McCulloh street and not accounted for by the said Wilmer to the date of the audit.

She shall be credited with interest on each of the said last above-named sums.

She shall be credited with any taxes, water rents on No. 1300 Madison avenue not paid by the said Wilmer since August 12, 1897.

The said Wilmer shall also be allowed such part of the sum of $1,055.30 referred to in his ledger named in evidence, for the payment of which he can show proper authority from Miss Placide, with interest thereon.

It is further adjudged, ordered and decreed, that the said Edwin M. Wilmer is to have twenty days to produce his vouchers and accounts before the auditor and the said Susan E. Placide is to have ten days to produce her vouchers and examine said account; that the auditor shall file in this court said audit on or before December 1, 1911, and that each party may take such testimony before the auditor as may be necessary with reference to the above named items only.

It is further ordered, that pending the final ratification of said accounts the said Edwin M. Wilmer is hereby restrained from proceeding further with the foreclosure of said mortgage, and that if said accounting should show an indebtedness on said mortgage by Miss Placide, she shall pay the same without interest within thirty days from the ratification of said account, otherwise said mortgage may be foreclosed; and that if said accounts should show an indebtedness by the said Edwin M. Wilmer to the said Susan E. Placide, he shall have thirty days within which to pay the same.

And it is further ordered, that the said Edwin M. Wilmer pay the costs of the said audit and the costs of these consolidated cases.